UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                      Case No. 15-20564

v.                                    Honorable Nancy G. Edmunds

CHARLOTTE HAZEL EDWARDS (D-3),

                Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S EMERGENCY
MOTIONS FOR RELEASE FROM CUSTODY [121] [127]**

Defendant Charlotte Hazel Edwards is currently in the custody of the Federal Bureau of Prisons ("BOP") at FCI Hazelton in West Virginia.  The matter is before the Court on Defendant's pro se letter motions for release from custody and reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Dkts. 121, 127.)  The government opposes Defendant's request.  (Dkt. 123.)  Defendant has filed a reply.  (Dkt. 128.)  The Court has reviewed the record in its entirety and finds that a hearing is not necessary.  For the reasons set forth below, the Court DENIES Defendant's motions.

**I.**      **Background**

On April 13, 2016, Defendant pled guilty to one count of aiding and abetting carjacking in violation of 18 U.S.C. § 2119(1) (Count 1) and one count of making false statements to an agency of the United States in violation of 18 U.S.C. § 1001 (Count 3).  (Dkt. 76.)  On September 14, 2016, the Court sentenced Defendant to a term of 63 months on Count 1 and 60 months on Count 3, to run concurrent.  (Dkt. 97.)  Defendant's projected release date is February 13, 2021.

Defendant now moves this Court for her release based on the health concerns associated with the COVID-19 pandemic.  The government opposes the request and notes that FCI Hazelton only had a single confirmed case of COVID-19 at the time of its response.

## II.    Analysis

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > (i)    extraordinary and compelling reasons warrant such a reduction; . . .
> > . . .
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The statute thus requires a defendant to both satisfy the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a sentence reduction.

The government concedes that Defendant has satisfied the exhaustion requirement in this case.  The government argues, however, that Defendant has failed to establish extraordinary and compelling reasons warranting a sentence reduction.

The applicable Sentencing Commission policy statement sets forth the following four categories of "extraordinary and compelling reasons" for release:  (A) medical condition of the defendant, (B) age of the defendant, (C) family circumstances, and (D)

a "reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" "[a]s determined by the Director of the Bureau of Prisons," also known as the catch-all provision.  *See* U.S.S.G. § 1B1.13, commentary n.1.  The medical condition category includes cases where "[t]he defendant is—(I) suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  § 1B1.13, commentary n.1(A)(ii).

The government notes that Defendant is 24 years old.  And while Defendant's medical records reflect she has moderate asthma, (*see* dkt. 126-1, filed under seal), it is unclear whether this puts Defendant at a higher risk for severe illness from the virus. *See* People with Underlying Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (stating that people with moderate-to-severe asthma "*might* be at an increased risk for severe illness from COVID-19") (emphasis added).  Defendant's generalized concerns regarding the pandemic are valid, but her risk of contracting the virus is the same as any other inmate in federal custody.  In sum, Defendant has not met her burden of establishing that her health concerns, even in the context of the COVID-19 pandemic, constitute extraordinary and compelling reasons warranting a sentence reduction.  And even if Defendant could meet this burden, the Court would not grant her the relief she seeks.

Section 1B1.13 provides that a defendant's sentence should be reduced under § 3582(c)(1)(A) only if releasing the inmate will not pose a danger to the safety of others or the community.  § 1B1.13(2) (citing 18 U.S.C. § 3142(g)).  Also, the Court must

consider the sentencing factors in 18 U.S.C. § 3553(a) to the extent that they are applicable.  *See* § 3582(c)(1)(A).  These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, protection of the public, and the need to avoid unwarranted sentencing disparities.  *See* § 3553(a).

Here, Defendant's underlying crimes are serious.  Not only did Defendant aid and abet in the commission of a crime involving the discharge of a weapon, but she initially lied to government officials about her involvement in the crime.  And while Defendant was released on bond pending trial in this case, she violated the terms of her pretrial release, leading to the revocation of her bond.  (*See* dkt. 75.)  The Court commends Defendant for her remorse and the steps she has taken towards rehabilitation while incarcerated, including working and completing a number of courses, but this does not tip the weighing of the relevant factors in favor of release.  In sum, the Court finds that a sentence reduction would not be consistent with the § 3553(a) factors.

## III.   Conclusion

Based upon the foregoing, Defendant's motions for relief under § 3582(c)(1)(A) are DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 19, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 19, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager